IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF VIRGINIA Roanoke Division

**REID WILLIAM TAYLOR,**

    **Plaintiff,**

v.                                            Case No.:     7:23CV00247

**VIRGINIA WESTERN COMMUNITY COLLEGE,**

**SERVE:**

**Robert H. Sandel**                      **JURY TRIAL DEMANDED**
**Office of the President**
**3093 Colonial Avenue, SW**
**Roanoke, Virginia 24015**

    **Defendant.**

## COMPLAINT

The above-named Plaintiff, Reid William Taylor ("Plaintiff" or "Mr. Taylor"), by counsel, states as his Complaint against Defendant Virginia Western Community College ("Virginia Western"), the following:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this matter as it arises from the federal questions presented by the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

2. Due to its contacts within the Commonwealth of Virginia, Defendant avails itself to the jurisdiction of this Court.

3. The acts and/or omissions of Virginia Western from which the following causes of action arise, occurred within Roanoke, Virginia.

4. Venue is proper in this Court, as the acts and/or omissions substantially occurred within the Court's geographic area.

5. Venue is appropriate as the acts and/or omissions of Virginia Western from which this causes of action arises, occurred within Roanoke, Virginia.

## II. THE PARTIES

6. Mr. Taylor is a resident of Roanoke, Virginia, and was a student of Virginia Western at all times relevant to this Complaint.

7. Virginia Western is a public state community college and, thus, a segment of a state agency of the Commonwealth of Virginia. Virginia Western is a member of the Virginia Community College System. Virginia Western's main campus, administration, and
officers are all located in Roanoke, Virginia.

8. Virginia Western receives federal financial assistance such that Mr. Taylor has standing to advance claims under the Rehabilitation Act against Virginia Western.

9. Mr. Taylor applied and enrolled at Virginia Western beginning in the Fall semester of 2021.

10. Mr. Taylor possesses learning disabilities and is disabled as that term is used in the
Rehabilitation Act.

11. Mr. Taylor has been diagnosed with learning disabilities that affect daily life activities related to ADD and ADHD. Mr. Taylor's disabilities affect his abilities to

organize information, recall information, concentrate, read, and study. Despite his disabilities, Mr. Taylor has always been an avid learner and a good student.

12. Since enrolled in kindergarten, Mr. Taylor continuously possessed an individualized education plan ("IEP") prior to admission at Virginia Western.

13. Throughout the course of his pre-collegiate education, Mr. Taylor received accommodated and specialized instruction based upon his learning disabilities.

14. Mr. Taylor enrolled at Virginia Western after his graduation from high school in 2020.

15. Enrolled in Virginia Western's EMT program, Mr. Taylor studied and worked hard so that upon completion, he would be eligible to take the National Registry Certification exam ("NREMT exam") and find employment as an EMT within southwest Virginia.

16. At all times relevant to this Complaint, Virginia Western knew that Mr. Taylor was disabled or perceived him as disabled.

17. By Spring semester of 2022, Mr. Taylor had met all course requirements and passed his classes within the EMT program at Virginia Western; receiving an A grade in the clinical class and a C grade in the classroom portion, also passing the final exam, which had a requirement score of 70.

18. Mr. Taylor met the criteria to sit for the NREMT exam.

19. Despite this, in May of 2022, Mr. Taylor received the following information from his course instructor stating that he would not be advancing: "we met at the end of class

and discussed, and it has been determined that you do not meet the criteria," . . . "this criteria is different than what it takes to pass the academic part of the class"

20. Mr. Taylor had met all of the criteria required to pass the class and was provided with no quantifiable information to support the conclusion that he could not sit for the NREMT exam.

21. In short, Mr. Taylor had performed all of the work required to succeed in Virginia Western's EMT program but was denied the opportunity to enjoy the fruits of his labor.

22. All of this was perpetuated based on illegal discrimination on the basis of Mr. Taylor's disabilities or perceived disabilities.

23. Virginia Western perceived that Mr. Taylor's disabilities rendered him unfit for the program despite his qualifications and coursework.

24. Mr. Taylor had received no educational discipline, nor had he violated any policies or procedures of Virginia Western.

25. No justifiable reason other a discriminatory animus supported Virginia Western's decision to ~~drop~~ deny Mr. Taylor the opportunity to advance his education.

26. Mr. Taylor completed the program, received credit for the classes, but was denied the "Authorization to Test" (ATT) letter to sit for the NREMT exam, unable to obtain a certificate or degree and was otherwise denied the educational opportunity that he had long sought.  The effects of this prevented Mr. Taylor from pursing any position as an EMT in Virginia and continuing his education.

27. Mr. Taylor has suffered lost expenses, costs, attorneys' fees, tutoring fees, future income, professional standing, and emotional distress among other damages due to Virginia Western's acts and omissions.

### COUNT I:  CLAIM FOR DISCRIMINATION
### IN VIOLATION OF THE REHABILITATION ACT OF 1973

28. Mr. Taylor incorporates by reference herein the preceding paragraphs of this Complaint.

29. At all times relevant to the Complaint, Mr. Taylor was a qualified individual with a disability under the Rehabilitation Act.

30. At all times relevant to the Complaint, Mr. Taylor could perform and achieve all required coursework necessary for his courses at Virginia Western.

31. Virginia Western would not have released Mr. Taylor from his educational program, but for Mr. Taylor's disability and/or Virginia Western's perception of Mr. Taylor as disabled.

32. As a direct and proximate result of Virginia Western's actions, Mr. Taylor has suffered and will continue to suffer pecuniary loss, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary loss.

33. At all times material hereto, Virginia Western engaged in unlawful or discriminatory practices with malice or reckless indifference to the statutorily protected rights of Mr. Taylor.

34. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with handicaps in the United States . . . shall, solely by reason of her or his

handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…"

35. Mr. Taylor has been denied the benefits and excluded from participation in Virginia Western's educational programs due to his disability.

36. Virginia Western has violated Mr. Taylor's rights under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, oppressively, maliciously, fraudulently, or with reckless disregard for Mr. Taylor's rights, justifying an award of punitive damages against Virginia Western in this action.

37. At all times material hereto, Virginia Western treated Mr. Taylor in a discriminatory manner in comparison with non-disabled students.

38. At all times material hereto, Virginia Western treated Mr. Taylor in a discriminatory manner in comparison with similarly-situated students.

39. The above-described acts by Virginia Western and employees of Virginia Western constitute disability discrimination in violation of the Rehabilitation Act.

WHEREFORE, Plaintiff Reid William Taylor prays for judgment against Defendant Virginia Western Community College, for his economic losses, lost future income, compensatory damages, punitive damages, together with prejudgment interest, post judgment interest and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED ON ALL ISSUES UPON WHICH A TRIAL MAY BE

DEMANDED.

Respectfully submitted,

REID WILLIAM TAYLOR

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
119 Norfolk Avenue, S.W., Suite 330
Warehouse Row
Roanoke, VA  24011 Tel:
540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*